**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ALEXANDR B.,**[1] | § | |
|     **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL NO. 1:26-CV-119** |
| | § | |
| **MIGUEL VERGARA** | § | |
| **and** | § | |
| **KRISTI NOEM** | § | |
| **and** | § | |
| **TODD LYONS** | § | |
| **and** | § | |
| **PAMELA BONDI** | § | |
| **and** | § | |
| **U.S. DEPARTMENT OF HOMELAND** | § | |
| **SECURITY** | § | |
| **and** | § | |
| **U.S. IMMIGRATION AND CUSTOMS** | § | |
| **ENFORCEMENT** | § | |
| **and** | § | |
| **U.S. DEPARTMENT OF JUSTICE,** | § | |
|     **Respondents.** | § | |

**ORDER TO PROVIDE STATUS UPDATES ON ADMINISTRATIVE PROCEEDINGS**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 alleging unreasonably prolonged detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). To facilitate the progress of this petition pursuant to 28 U.S.C. § 2243, Respondents are **ORDERED** to provide timely status updates concerning any administrative review of Petitioner's detention as relevant updates occur. In addition, Respondents shall file a status update summarizing these administrative developments **by May 6, 2026.**

These updates must include—but are not limited to—the progress and conclusions of custody review determinations under 8 C.F.R. §§ 241.4 and 241.13. If 180 days have passed since the beginning of Petitioner's removal period, the Court encourages Respondents to construe

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

1 / 2

Petitioner's habeas petition as a written request for release under 8 C.F.R. § 241.13(d) and to begin custody review under 8 C.F.R. § 241.13 accordingly. *See Singh v. Gonzalez*, No. CIV.A. H-05-4361, 2006 WL 6584615 (S.D. Tex. Feb. 17, 2006) (directing respondents to "treat the instant petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13"). In the event review under 8 C.F.R. § 241.13 does not occur, the Court will bear in mind that a determination under 8 C.F.R. § 241.4 necessarily includes a determination that there is no "substantial reason to believe that the removal of a detained alien is not significantly likely in the reasonably foreseeable future." 8 C.F.R. § 241.4(i)(7). Custody review under 8 C.F.R. § 241.4 should occur 180 days after the beginning of the removal period, and failure to conduct this review may implicate constitutional concerns. *See, e.g., Bonitto v. Bureau of Immigr. & Customs Enf't*, 547 F.Supp. 2d 747, 758 (S.D. Tex. 2008); *Misirbekov v. Venegas*, No. 1:25-cv-00168, 2025 WL 3033732 (S.D. Tex. Oct. 29, 2025).

The Clerk of Court is **DIRECTED** to deliver copies of the most recent petition and this Order to the United States Attorney for the Southern District of Texas by electronic mail to USATXS.CivilNotice@usdoj.gov.

Signed on April 2, 2026.

Karen Betancourt
United States Magistrate Judge