United States District Court
Southern District of Texas
**ENTERED**
August 19, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHISN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALEXANDER B.[1],<br>Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 1:26-cv-119 |
| MARKWAYNE MULLIN [2], *et al.*,<br>Respondents. | §<br>§<br>§ | |

**REPORT AND RECOMMENDATION**
**TO GRANT PETITIONER'S WRIT OF HABEAS CORPUS AND**
**RECOMMENDING PETITIONER'S RELEASE FROM DETENTION**

## I. Synopsis

Petitioner argues his detention is unlawful because it (1) exceeds the presumptively reasonable period set out in *Zadvydas* and (2) there is no significant likelihood of removal in the reasonably foreseeable future. The Court agrees. The Government detained Petitioner for over seventeen months without deportation after securing a final order of removal; this violates Petitioner's constitutional rights. Thus, it is RECOMMENDED that the Court (1) grant the Petition for Writ of Habeas Corpus and Motion for Summary Judgment; (2) order Petitioner's release from Respondents' custody; and (3) deny Respondents' Motion for Summary Judgment.

## II. Jurisdiction

Petitioner challenges the constitutionality of his post-removal-period detention by arguing that the Government has not shown there is a significant likelihood of his removal

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] Petitioner sought relief against Kristi Noem in her official capacity as Secretary of the Department of Homeland Security. Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin is substituted as the proper Respondent.

in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (concluding that "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution."). Given Petitioner's constitutional challenge to post-removal-period detention[3], the Court has subject matter jurisdiction to entertain this claim.

**III. Venue**

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 495 (1973). Petitioner was detained at Port Isabel Detention Center in Cameron County, Texas when he filed the operative Petition in this case. Dkt. No. 14 at 2. The Center lies within Cameron County, a county served by the Brownsville Division of the United States District Court for the Southern District of Texas. Accordingly, venue is proper in this Court and division.

**IV. Factual History**

Petitioner claims he is a stateless individual. Dkt. No. 1 at 4. The Government claims Petitioner is a native of Russia and a citizen of Rwanda. Dkt. No. 10 at 3. The Government further concedes Russia does not claim Petitioner as a citizen. *Id.* at 5. On February 12, 2003, an Immigration Judge ordered Petitioner removed to Canada. Dkt. No. 1 at 6. Petitioner's removal order became administratively final in 2003. *Id.* at 6. *See* 8 C.F.R. §§ 241.1, 1241.1(e).The Petitioner was not removed to Canada but instead remained in the United States on an order of supervision for the next 22 years. *Id.* At his annual check-in on February 4, 2025, Immigration and Customs Enforcement detained Petitioner where he remains in immigration custody. *Id.* at 7. The 90-day removal period under 8

---

[3] Petitioner requested a Board of Immigration Appeals review of the denial by the Immigration Judge to reopen his final order of removal. Dkt. No. 9 at 11. However, both parties agree Petitioner is subject to a final order of removal which remains final until such time as it is overturned by the Board of Immigration Appeals. Dkt. No. 8 at 3; Dkt. No. 9 at 3.

U.S.C. § 1231(a)(1)(A) ended on May 5, 2025. The 180-days of detention mark passed on August 3, 2025.

Russia does not recognize Petitioner as a citizen. Dkt. No. 10-1 at 5. Attempts to obtain travel documents to Russia, Rwanda and Canada have been unsuccessful. *Id*.

In September of 2025 the Government requested acceptance for Petitioner to Canada, Panama and Costa Rica. Dkt. No. 10-1 at 6. In October of 2025, Canada, Costa Rica and Panama denied Petitioner access. *Id.* The Government then sought the removal of Petitioner to Honduras and Kosovo, which was unsuccessful. *Id.* Thereafter the Government states they have no updates, no nexus to a third country but a significant likelihood of removal in the reasonably foreseeable future. *Id.*

## V. Procedural History

Petitioner argues his detention violates the statutory limitations of 8 U.S.C. § 1231(a)(3) and his constitutional due process rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because there is no significant likelihood of removal in the reasonably foreseeable future. Dkt. No. 1 at 10-11. Petitioner requests his immediate release from Respondent's custody under an order of supervision. *Id.*

The Court ordered the Government to Show Cause as to why the Writ should not be granted, Dkt. No. 6, and the Government responded with a Motion for Summary Judgment, Dkt. No. 8. Regarding Petitioner's indefinite detention claims, the Government maintained "that Petitioner's removal is reasonably foreseeable in the future." Dkt. No. 10 at 1. The Government also argues the Court should toll the detention period to account for Petitioner's refusal to cooperate with his removal. Dkt. No. 8 at 5.

Petitioner responded to the Government's summary judgement motion, arguing the Government admits it has been over a year of detention with no likelihood of removal. Dkt. No. 9 at 2. Petitioner then filed a summary judgment motion based on the same argument of no significant likelihood of removal in the reasonably foreseeable future with continued detention a violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). Dkt. No. 11. The Government did not respond to the Petitioner's Motion for Summary Judgment.

## VI. Applicable Law

a. 28 U.S.C. § 2241

The District Court may grant the writ of habeas corpus under 28 U.S.C. § 2241 when Petitioner's custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner must show that his or her custody violates federal law. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (stating that habeas relief cannot be issued unless Petitioner alleges "that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." (quoting *Hilliard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985) (per curiam))).

b. INA 8 U.S.C. § 1231 and *Zadvydas*

The Immigration and Nationality Act denotes a "removal period" in which the Attorney General "shall remove the alien from the United States within a period of 90 days" when an alien is ordered removed. 8 U.S.C. § 1231(a)(1)(A). During that 90-day-removal-period, an alien must be detained per the statute. 8 U.S.C. § 1231(a)(2)(A).

The statute is implicitly limited by the "Constitution's demands." *Zadvydas*, 533 U.S. at 689. The "Fifth Amendment's Due Process Clause forbids the Government to 'depriv[e]' any 'person ... of ... liberty ... without due process of law.' " *Zadvydas*, 533 U.S. at 690. This constitutional concern becomes increasingly acute when detention lasts for more than six months. *Id.* at 701. For this reason, the United States Supreme Court created a framework in *Zadvydas v. Davis* for a Petitioner to challenge the constitutionality of his or his continued detention after a six-month period. *Id. See also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) ("Zadvydas thus created a '6–month presumption' of the validity of detention under § 1231, after which an alien could attack the reasonableness of his continued detention."). "The alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Id.* It is not the case that if an alien is not removed, then they must be released after six months. *Id.* at 701 ("[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."). If the court determines "removal is not reasonably

foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700.

c. 8 C.F.R. § 241.13

Federal regulations "establish special review procedures for those aliens who are subject to a final order of removal and are detained[.]" 8 C.F.R. § 241.13(a). Notably, "[a]n eligible alien *may* submit a written request for release to the [Headquarters Post-order Detention Unit] asserting the basis for the alien's belief that this is no significant likelihood that the alien will be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(d)(1) (emphasis added). After receiving the initial written request, the Headquarters Post-order Detention Unit (HQPDU) conducts a review, which includes, among other procedures, permitting the alien an opportunity to respond and possibly granting an interview with the alien. 8 C.F.R. § 241.13(e)(1-6). HQPDU must issue a written decision regarding "whether there is a significant likelihood that the alien will be removed in the reasonably foreseeable future under the circumstances" and provide the decision to the alien. 8 C.F.R. § 241.13(g).

A determination that "there is no significant likelihood that the alien will be removed in the reasonably foreseeable future, despite the Service's and the alien's efforts to effect removal," absent special circumstances defined in the regulation, requires arrangements be made promptly to release the alien subject to "appropriate conditions." 8 C.F.R. § 241.13(g)(1). The regulations spell out the conditions of release. 8 C.F.R. § 241.13(h). A determination that there is a significant likelihood that the alien will be removed in the reasonably foreseeable future results in a denial of the alien's request. 8 C.F.R. § 241.13(g)(2). There is no avenue to pursue an administrative appeal of this denial. *Id.*

d. Standard of Review: Motion for Summary Judgment

Summary judgment is appropriate when the moving party (the Government) establishes there exists no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The movant "can show there's no material dispute if he demonstrates that the [non-movant] could not prevail even if each factual question were resolved in their favor." *Freedom From Religion Found., Inc.*

*v. Mack*, 49 F.4th 941, 950 (5th Cir. 2022). A "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." *Piazza's Seafood World, L.L.C. v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006).

If the non-movant (Petitioner) would bear the burden of proof at trial, the moving party may satisfy its summary judgment burden "by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Ortega Garcia v. U.S.*, 986 F.3d 513, 533 (5th Cir. 2021). The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *Id.*

"All facts must be viewed in the light most favorable to the nonmovant and all justifiable inferences must be drawn in his favor." *Crane v. City of Arlington, Texas*, 50 F.4th 453, 461 (5th Cir. 2022). Thus, factual controversies are resolved in favor of the non-movant, "but only when the there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Lexon Ins. Co., Inc. v. Fed. Deposit Ins. Corp.*, 7 F.4th 315, 321 (5th Cir. 2021). In the "absence of any proof," the court cannot and will not assume that the non-moving party could or would prove the necessary facts. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017).

Finally, "a court should not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment." *Chacon v. Copeland*, 577 Fed. App'x. 355, 360 (5th Cir. 2014) (unpubl.) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)) (internal quotations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.*

## VII. Analysis

The facts material to Petitioner's *Zadvydas* claim relate to the length of Petitioner's detention following the day his order of removal became administratively final and the Government's efforts to designate a third country to which Petitioner may be removed. The

fact the order of removal became administratively final in 2003 is undisputed. Additionally, the Government does not contest that it has not secured a third country willing to accept Petitioner's removal. Because the facts material to this case are undisputed, the issue in this case centers around whether there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future.[4]

Petitioner's current detention has surpassed six months. While the presumptively reasonable period under *Zadvydas* is over, Petitioner "bears the initial burden of proof in showing that no such likelihood of removal exists" *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (citing *Zadvydas*, 533 U.S. at 701).

In the present case, Petitioner argues there is no significant likelihood of removal in the reasonably foreseeable future, in part, because while he was ordered removed to Canada, Canada refuses to accept him and he does not have legal status in any other country. Dkt. Nos. 9 and 11. Additionally, Petitioner argues Respondents have not designated any other country for Petitioner's removal, nor has any country agreed to accept him. Dkt. No. 11 at 2. The undisputed facts in the record show that Petitioner does not have legal status in any other country, and Respondents do not represent that a third country has been designated for Petitioner's removal. For these reasons, the Court finds Petitioner carried his initial burden to show that there is no significant likelihood of removal in the reasonably foreseeable future. As a result, the Government must now "respond with evidence sufficient to rebut" this showing. *Zadvydas*, 533 U.S. at 701.

The Government maintains that there is a significant likelihood Petitioner's removal will be effectuated in the near future. Dkt. No. 10-1 at 4. The Government points out that DHS has requested numerous countries accept Petitioner's removal. *Id.* The Government

[4] The Court notes that whether Petitioner has exhausted his administrative remedies is not contested. Still, the Court highlights that Petitioner asserts he filed multiple requests for release from custody, filed a motion for custody redetermination and applied for action as a stateless individual among other efforts. Dkt. No. 9 at 10-11. Additionally, ERO served letters on Petitioner concerning their decision to continue to detain him, Dkt. No. 10-1 at 5. *See Kurdobadze v. Venegas*, *et al.*, No. 1:25-CV-00157, 2026 WL 1622834, at *2 (S.D. Tex. Apr. 24, 2026) (Torteya, J.), report and recommendation adopted sub nom. *Kurdobadze v. Venegas*, No. 1:25-CV-157, 2026 WL 1641523 (S.D. Tex. June 5, 2026) (Rodriguez, J.) (finding that Petitioner exhausted administrative remedies in part because Petitioner "appear[ed] to have received decision letters sufficient to satisfy the exhaustion requirement.").

also argues that Petitioner has prevented ICE from executing his removal order, and this is cause for tolling the detention period. *Id.* To support the tolling argument, the Government cites the statutory provision which allows the removal period to extend beyond 90 days if the alien "fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. §1231(a)(1)(C). However, even if the removal period is or was extended[5], the Court relies on Supreme Court jurisprudence, which allows Petitioner to attack the constitutionality of his mandatory detention under §1231 after a six-month period. *Zadvydas*, 533 U.S. at 701; *see also Andrade*, 459 F.3d at 543.

The Court turns to the Government's updates concerning its attempts to remove Petitioner to a third country. As of yet, the Government has not progressed beyond making requests to third countries. The Government has only requested third countries accept Petitioner, and at least five of those countries declined to accept Petitioner. The Court considers these facts insufficient to demonstrate that there is a significant likelihood the Government will remove Petitioner in the reasonably foreseeable future. *See Mogos v. Thompson*, 2026 WL 475079, at *4 (W.D. Tex. Feb. 13, 2026) (finding a Government declaration representing that ICE is actively working to secure removal to a third country did not carry the Government's burden under the facts of the case). The Government's mere request for acceptance, even if made to numerous countries, does not show Petitioner will be removed in the reasonably foreseeable future. *See Trejo v. Warden of ERO El Paso E. Montana*, 807 F. Supp. 3d 697, 705 (W.D. Tex. Oct. 24, 2025) (finding that "Respondents cannot carry their burden [under *Zadvydas*] with the outstanding requests, alone."); *Gurung v. Warden, S. Texas Ice Processing Ctr.*, 2026 WL 93145, at *7 (W.D. Tex. Jan. 6, 2026) (finding the Government's failure to identify a country willing to accept

[5] The Court does not reach a conclusion on whether Petitioner's conduct can or does constitute failing or refusing to make timely application in good faith for travel or other documents necessary to his departure, or whether his conduct can or does constitute conspiring or acting to prevent his removal subject to an order of removal.

Petitioner particularly weighty "[b]ecause Petitioner cannot be removed to his country of origin[.]")).

Under these circumstances, the Court finds the Government did not carry its burden under *Zadvydas*. Moreover, the Court finds there is no significant likelihood of removal in the reasonably foreseeable future in Petitioner's case. Consequently, Petitioner's detention is unreasonable and no longer authorized by statute. *Zadvydas*, 533 U.S. at 699-700. This action is also a violation of the due process clause. *Villanova v. Tate*, 801 F. Supp.3d 694, 704 (S.D. Tex. Sept. 2025) (Hittner, J.). Because of this finding, the Court finds Respondents are not entitled to judgment as a matter of law.

The Court is mindful that the government has the right to enforce Petitioner's Order of Removal. *Id.* However, when there is no significant likelihood of removal in the reasonably foreseeable future, it is impermissible for the Government to continue to detain Petitioner indefinitely. *Id.* Furthermore, the Court notes that the choice at issue here "is between imprisonment and supervision under release conditions that may not be violated." *Zadvydas*, 533 U.S. at 698. Considering this, release from detention under the proper release conditions is recommended.[6]

Because the Court recommends granting habeas relief under Petitioner's challenge to his post-removal-period detention, the Court finds no need to address any claim or challenge not addressed in this report and recommendation. *Id.*

## VIII. Recommendation

It is RECOMMENDED that the Court (1) GRANT Petitioner's Writ of Habeas Corpus (Dkt. No. 1) and Motion for Summary Judgement (Dkt. No. 11); (2) RELEASE Petitioner from detention subject to supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5; and (3) DENY Respondent's Motion for Summary Judgment (Dkt. No. 8).

---

[6] *See Mogos v. Thompson*, 2026 WL 475079, at *6 ("*Zadvydas* requires Petitioner's release from [his] unlawful detention.").

## IX. Notice to the Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on August 19, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge